09-4075-ag
Zheng v. Holder

BIA
DeFonzo, IJ
A099 592 469

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

QIAO LING ZHENG,
         *Petitioner,*

      v.                                    09-4075-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Thomas V. Massucci, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Greg D. Mack, Senior Litigation Counsel; Elizabeth A. McAdams, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington,

**D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Qiao Ling Zheng, a native and citizen of China, seeks review of a September 4, 2009, order of the BIA affirming the December 4, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiao Ling Zheng*, No. A099 592 469 (B.I.A. Sept. 4, 2009), *aff'g* No. A099 592 469 (Immig. Ct. N.Y. City Dec. 4, 2007). Zheng has abandoned her CAT claim and any claim for relief based on fear of persecution for leaving China illegally or violating its family planning policy. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable

standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ's adverse credibility finding is supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B).  Under the REAL ID Act, an IJ may base a credibility determination on the "demeanor, candor, or responsiveness of the applicant," "the inherent plausibility of the applicant's . . . account," and "any inaccuracies or falsehoods of [an applicant's] statements, . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  REAL ID Act of 2005 § 101(a)(3), 8 U.S.C. § 1158(b)(1)(B)(iii).  While an IJ must consider evidence that is independently corroborated, a finding that an alien adduced false documents may "infect the balance of [his] uncorroborated or unauthenticated evidence."  *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).  Thus, this Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Zheng's original asylum application and accompanying affidavits fraudulently asserted that Zheng had been arrested and raped by Chinese police on account of her Roman Catholic religion. Zheng later disavowed those statements and admitted she had not been persecuted in China. Contrary to Zheng's argument, the IJ was entitled to rely on her admittedly fraudulent assertions and affidavits in assessing her overall credibility. *Siewe*, 480 F.3d at 170; *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). In support of her amended application, Zheng resubmitted the falsified affidavits and a letter from a bishop that was obtained by an author of a falsified affidavit. The IJ properly declined to credit them. *See Siewe*, 480 F.3d at 170; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Although Zheng did submit independent evidence of her recent church attendance, the IJ reasonably questioned her motivation for attending church based on her inability to explain why she did not attend a church for four years after entering the United States. *See Siewe*, 480 F.3d at 168-70.

Moreover, the IJ reasonably relied on the absence of testimony by Zheng's sister in concluding that Zheng's

alleged fear of persecution based on her religious beliefs lacked credibility. The IJ did not need to show that her sister's testimony was reasonably available because Zheng was not otherwise credible. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Xiao Ji Chen*, 471 F.3d at 341; *Xiu Xia Lin*, 534 F.3d at 167.

Because Zheng's claims relied entirely on her credibility, the IJ did not err in denying her application for asylum and withholding of removal based on his adverse credibility finding. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5